## Emma M. Over, Adm'x, v. Frank W. Walzer.

1. Contracts—*Matter Omitted from Written Contracts.*—A contract can not be part in writing and part in parol. If there has been some agreement omitted by mistake from the written contract, the only remedy is to secure a reformation of the instrument, and such reformation can not be secured in an action at law.

Assumpsit.—Appeal from the Circuit Court of Whiteside County; the Hon. Frank D. Ramsay, Judge presiding. Heard in this court at the April term, 1902. Reversed. Opinion filed July 18, 1902.

F. E. Andrews, attorney for appellant.

C. L. Sheldon, attorney for appellee.

Mr. Presiding Justice Brown delivered the opinion of the court.

Mrs. Caroline S. Smith and Frank W. Walzer, on February 1, 1900, entered into a written contract under seal, which is the basis of this suit by Walzer against the administratrix of the estate of the said Caroline S. Smith, now deceased. In a certain chancery case in Whiteside county certain lands had been sold by the master and purchased by Mrs. Smith and a certificate of purchase was issued to her January 25, 1900.

The contract in question provided that Walzer should pay Mrs. Smith $1,000 in cash and $12,200 March 1, 1900, and pay all taxes that might be levied on the land after the year 1899, and that upon his completing the payment of $13,200 on March 1, 1900, Mrs. Smith should assign the certificate of purchase to Walzer and he was then to have immediate possession of the premises.

Walzer paid the money, Mrs. Smith assigned and delivered to him the certificate and caused her tenant then in possession of the premises to attorn to him. A lease was then executed between Walzer and the tenant to the premises in question.

Afterward one John G. Plumley brought ejectment against Walzer and his tenant and recovered judgment of

Over v. Walzer.

ouster. Walzer took a new trial under the statute, and while the case was pending in the fall of 1900, settled with Plumley, and asserts in his brief, bought Plumley's outstanding title, on paying, according to Walzer's contention, the then owner of the equity of redemption. The period of redemption expired April 25, 1901. Mrs. Smith had died in the meantime and Walzer brought this suit against her administratrix, claiming the right to recover all that he had paid Plumley for the purchase of the equity of redemption.

The court below, by its rulings upon the evidence and instructions, held that this was not a proper measure of damages and refused to permit Walzer to prove what he paid Plumley, but permitted him to recover a verdict and judgment for the fair rental value of the premises from the time he purchased Plumley's equity of redemption in the fall of 1900, to the expiration of the period of redemption, April 25, 1901. The amount of the judgment is $392.40. The defendant appeals.

To sustain this suit at law it must appear Mrs. Smith warranted to Walzer the peaceable and quiet enjoyment of the premises from the date of the transfer of the certificate of purchase until the expiration of the period of redemption; and that appellee was evicted from said premises during that period, or that he was subjected to suit for possession by one entitled to evict him and was obliged to purchase the premises from said party, and the amount lost by being deprived of the right of possession warranted to him.

The contract between the parties is in writing. It is not ambiguous. Its provisions are clear and unequivocal. It contains no covenant of warranty.

All that Mrs. Smith thereby agreed to do for the $13,200 was to assign to him the certificate of purchase and sur-render the possession of the premises to him at the time designated. She did both. She fully complied with the requirements of the contract. She kept every obligation which it imposed upon her. The plaintiff is not entitled

to a judgment for damages against her estate because of the fact that he was unable to retain the possession during the period of redemption.

It is argued by counsel for appellee that there are circumstances in evidence tending to show that Mrs. Smith intended to warrant the possession of the premises to Walzer. This contention can not avail in an action at law. The contract is in writing. A contract can not be part in writing and part in parol. If there were an agreement that Mrs. Smith should warrant the possession and that agreement was by mistake omitted from the written contract, Walzer's only remedy would be to secure a reformation of the instrument in a court of equity. He can not secure that reformation in an action at law.

The view we take of the case, striking as it does at the very right of the plaintiff to recover, renders it unnecessary to review the rulings of the court upon the evidence and instructions. The judgment of the Circuit Court will be reversed.